# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TILFORD BLACK,
GILBERT C. FOX,
ELOY GONZALES,
KENNETH F. CAMPBELL,
GREGORY TAYLOR,
HERMAN MAYNES,

    Plaintiffs,

v.                                                                    No. CV 10-0499 JH/KBM

CANTEEN CORRECTIONAL SERVICES,
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, for further consideration of this civil rights action. Plaintiffs were incarcerated when they filed the complaint, and they appear pro se. The Court has granted Plaintiffs Black and Taylor leave to proceed in forma pauperis ("IFP"). Under § 1915(b)(1), based on financial information in the IFP motions, the Court will order Plaintiffs Black and Taylor to make a single initial partial payment of $15.77. Also before the Court are Plaintiff Black's motions for *Martinez* report (Doc. 49), appointment of counsel (Doc. 50), and trial (Doc. 51). For the reasons below, certain of Plaintiffs' claims will be dismissed.

As a preliminary matter, by order entered on March 2, 2011, the Court required Plaintiffs Fox, Gonzales, Campbell, Taylor, and Maynes to cure filing defects. Only Plaintiff Taylor complied with the order by filing an IFP motion. The claims of Plaintiffs Fox, Gonzales, Campbell, and

Maynes will be dismissed for failure to comply with statutory requirements and orders of the Court.

The original complaint alleges that Plaintiffs were being subjected to forced labor as well as mental, verbal, and physical abuses at the Bernalillo County, New Mexico, Metropolitan Detention Center. A number of motions to amend the complaint have been filed. The Court previously denied these motions without prejudice pending resolution of filing deficiencies. In light of the dismissals noted above and in the earlier order (Doc. 26), the Court now reviews the substantive allegations made by Plaintiffs Black and Taylor in the original complaint and the motions to amend.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The original complaint, apparently drafted by Plaintiff Black and signed by eight other Plaintiffs, makes only conclusory statements with no supporting factual allegations. The complaint, therefore, fails to present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570. The first motion to amend (Doc. 3, pp. 3, 9), signed only by

Plaintiff Black, names a number of Defendants and makes allegations against Cpt. Hoog (Hoagan) and Cpt. Candelaria.  Plaintiff Black alleges that these officers required him to work in the prison kitchen, on pain of disciplinary action.

Plaintiff Black's second motion to amend (Doc. 6) merely names a number of purported additional Defendants and makes no factual allegations.  The fourth and eighth motions to amend (Docs. 8, 25) also contain no factual allegations.  The previous denial of these three motions will now be with prejudice.  The third, fifth, and seventh motions to amend (Docs. 7, 14, 22) are signed only by Plaintiffs Fox and Gonzales, and because their claims are dismissed, the previous denial of these motions will now be with prejudice.  In his sixth motion to amend (Doc. 15), Plaintiff Black alleges that he burned his hand on a stove and received prompt medical attention.  These allegations do not support a constitutional claim, and the previous denial of this motion will now be with prejudice.  *See United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) ("district courts may withhold leave to amend . . . for reasons such as '. . . futility of [the] amendment.' ") (brackets in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The first motion to amend thus contains the only substantive allegations in this action, and the Court will reinstate and grant this motion.  The Court construes the original complaint and the first motion to amend together as the "complaint."

No relief is available on Plaintiffs' claims against the originally named Defendants.  First, Defendant Bernalillo County Metropolitan Detention Center is "a detention facility [and] is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001).  And second, the complaint contains no allegations against Defendant Canteen Correctional Services that affirmatively link it to the asserted violations.  *See Butler v. City of*

3

*Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). The crux of the complaint is that detention center officers subjected Plaintiffs to forced labor. The complaint thus fails to allege any personal involvement by Defendant Canteen in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a private contractor-entity may not be based solely on a theory of respondeat superior liability for the actions of county employees. *See id.* The Court will dismiss Plaintiffs' claims against these entity Defendants.

Plaintiffs' allegations of pre-sentencing forced labor appear to survive preliminary scrutiny under § 1915(e)(2) and rule 12(b)(6). As noted by the Court of Appeals for the Fourth Circuit in a similar case of mandatory work, "allegations [of] circumstances that rise above those in the 'general housekeeping' cases . . . . are sufficient to sustain a claim of unconstitutional punishment." *Harden v. Bodiford*, 442 F. App'x 893, ---, 2011 WL 3510758, at *2 (4th Cir. 2011) (citing *Ford v. Nassau County Executive*, 41 F. Supp. 2d 392, 398 (E.D.N.Y. 1999) (observing that defendants may indicate intent to punish by requiring "demeaning" or "unduly strenuous" tasks)); *and see Tourscher v. McCullough*, 184 F.3d 236, 242 (3d Cir. 1999) (stating that proper adjudication of forced labor claim requires information about "the nature of the services" and "the amount of time they took"). The Clerk will be directed to add Cpt. Hoagan and Cpt. Candelaria to the docket as Defendants, and to issue notice and waiver-of-service forms. Plaintiff Black's motions for *Martinez* report (Doc. 49), appointment of counsel (Doc. 50), and trial (Doc. 51) will be denied without prejudice pending review of Defendants' responsive pleadings.

IT IS THEREFORE ORDERED that Plaintiffs Black and Taylor submit a single initial partial payment of $15.77 or show cause why payment should be excused;

IT IS FURTHER ORDERED that the claims of Plaintiffs Fox, Gonzales, Campbell, and Maynes are DISMISSED; and these Plaintiffs are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiffs Black and Taylor's claims against Defendants Canteen Correctional Services and Bernalillo County Metropolitan Detention Center are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the first motion to amend (Doc. 3) is REINSTATED on the docket and is hereby GRANTED;

IT IS FURTHER ORDERED that, to the extent the other motions to amend (Docs. 6, 7, 8, 14, 15, 22, 25) were denied without prejudice by the prior order (Doc. 26), that order is hereby AMENDED and these motions are DENIED with prejudice;

IT IS FURTHER ORDERED that Plaintiff Black's motions for *Martinez* report (Doc. 49), appointment of counsel (Doc. 50), and trial (Doc. 51) are DENIED without prejudice pending review of Defendants' responsive pleadings;

IT IS FURTHER ORDERED that the Clerk is directed to add Cpt. Hoagan and Cpt. Candelaria to the docket as Defendants, and to issue notice and waiver-of-service forms, with copies of the complaint (Docs. 1, 3), for these Defendants.

_____
UNITED STATES DISTRICT JUDGE