IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TILFORD BLACK and
GREGORY TAYLOR,

      Plaintiffs,

v.                                          CIV 10-0499 JCH/KBM

FNU HOAGAN and ,
FNU Candelaria,

      Defendants.

# ORDER DENYING APPOINTMENT OF COUNSEL

      THIS MATTER is before the Court on Plaintiff Tilford Black's *pro se* motion seeking appointment of counsel.  *Doc. 58*.  In a separate order, presiding District Judge Judith Herrera granted Plaintiff permission to proceed *in forma pauperis* and ordered him to submit an initial partial payment.  In a separate motion, he asks that payment be excused, but that request does not change his pauper status for the purpose of this motion.  *See Doc. 59*.

      The Sixth Amendment does not guarantee right to counsel in civil cases and, thus, there is no automatic right to counsel in prisoner civil rights cases under § 1983.  *E.g., Parker v. Bruce,* 109 Fed. App'x 317, 321 (10th 2004) (citing *Wendell v. Asher,* 162 F.3d 887, 892 (5th Cir. 1998), *Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995), *Poole v. Lambert,* 819 F.2d 1025, 1028 (11th Cir. 1987), *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988), and *Bishop v. Romer,* 1999 WL 46688 at * 3 (10th Cir.), *cert. denied,* 527 U.S. 1008 (1999)).  In

considering whether to appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

Here, as Judge Herrera noted in her last order, the original complaint, filed by many prisoners against many entities or people alleges these inmates were subjected to forced labor as well as mental, verbal, and physical abuses at the Metropolitan Detention Center in Bernalillo County, New Mexico. There, she explained why most of the named plaintiffs and defendants have been dismissed and why all of the several motions to amend were denied. *See Doc. 54*. The long history of this litigation illustrates that Plaintiff Black is capable of presenting his claims and the issues that remain are few and straightforward. Thus, I find that appointment of counsel is not warranted at this time.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel *(Doc. 58)* is **denied without prejudice**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE