IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TILFORD BLACK,
GREGORY TAYLOR,

    Plaintiffs,

v.                                              No. CV 10-0499 JH/KBM

FNU HOAGAN,
FNU CANDELARIA,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte* and on Plaintiff Black's third motion for leave to proceed in forma pauperis ("IFP") (Doc. 59). By order entered on January 26, 2012, Plaintiffs Black and Taylor were ordered to submit an initial partial payment under 28 U.S.C. § 1915(b)(1). The order also directed commencement of service on two Defendants under Fed. R. Civ. P. 4(d). Since the order was entered, Plaintiff Taylor has filed nothing and Plaintiff Black has submitted a third IFP motion, asking to be excused from making a payment. The motion will be denied and Plaintiffs Black and Taylor will be required to show cause why their complaint should not be dismissed.

Plaintiff Black was granted IFP status (Doc. 26) and was twice ordered to make an initial payment (Docs. 26, 54). In his third IFP motion (Doc. 59), he alleges that he has been transferred a number of times and receives no help from outside. The motion asks that all fees be waived. Attachments to his original motion (Doc. 2) showed deposits and balances in his inmate account, which were decreased only by prison purchases.

Plaintiff Taylor also was granted IFP status (Doc. 45) and was twice ordered to make an initial payment (Docs. 45, 54). Attachments to his earlier filing (Doc. 36) showed deposits and balances in his inmate account in excess of the amount of payment ordered. He has offered no

explanation why an initial payment has not been made.

There is no constitutional violation in requiring an inmate to choose between prison purchases and litigation. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers*, No. 00-1332, 2001 WL 617549, at **2 (10th Cir. June 5, 2001); *and see Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) ("If inmates are unwilling to save their money and prepay filing fees, such a decision may be a good indicator of the merits of the case."). Failure to comply with a court's order or statutory requirements, or to show cause for excusing the failure, constitutes grounds for dismissing a plaintiff's complaint. *See Baker*, 2001 WL 617549, at **3. "The simple fact is that no litigant, even a pro se litigant, may repeatedly disregard a court's orders without inviting the lawful possibility that his case might be dismissed." *Cook v. Central Utah Corr. Facility*, 446 F. App'x 134, 135 (10th Cir. 2011) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321-24 (10th Cir. 2011). If Plaintiffs fail to comply with this order, the Court may dismiss the action without further notice.

IT IS THEREFORE ORDERED that the relief sought in Plaintiff Black's third motion for leave to proceed in forma pauperis ("IFP") (Doc. 59) is DENIED;

IT IS FURTHER ORDERED that, within twenty-one (21) days from entry of this order, Plaintiffs submit the previously ordered payment of $15.77 or show cause why this action should not be dismissed.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE