IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TILFORD BLACK,

      Plaintiff,

v.                                                 CIV 10-0499 JCH/KBM

FNU HOAGAN,
FNU CANDELARIA,

      Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' motion (Doc. 86) asking the Court to vacate and set aside the Clerk's entry of default, and to deny Plaintiff's motion for default judgment. A Deputy United States Marshal served the complaint and summons on Defendants Hoagan and Candelaria. (Docs. 68, 69.) When Defendants failed to answer the complaint, Plaintiff filed a motion for judgment by default (Doc. 72). At the direction of the Court, the Clerk entered the Defendants' default. (Doc. 76.) *See* Fed. R. Civ. P. 55(a). The Court set a hearing on default judgment and directed the Marshal to personally serve notice of the hearing. The hearing was then vacated pending resolution of the instant motion. For reasons below, the Court will set aside the Clerk's entry of default and deny Plaintiff's motion for default judgment.

In their motion, Defendants assert that the failure to appear or answer was an inadvertent oversight, and they argue that the terms of 42 U.S.C. § 1997e(g)(1) preclude entry of default judgment. Under the rationale in *Lee v. Suthers*, 50 F. App'x 942, 943-44 (10th Cir. 2002), the Court concludes that default judgment against Defendants in this case would be improper. *See*

*Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) ("[E]ntry of default against [defendant], before it had any obligation to file an answer, would have been incorrect as a matter of law."). And, although the Clerk's entry of default was clearly proper at the time, preclusion of default judgment requires that the entry of default be set aside.

The foregoing conclusions do not imply that the Court accepts Defendants' allegations of inadvertence or condones their inaction. The Court observes that the provisions of section 1997e(g) do not authorize properly served Defendants to do nothing at all. By failing even to return waivers or enter an appearance, Defendants forced needless personal service of process by the Marshal. Under Rule 4(d)(2) of the Federal Rules of Civil Procedure, Defendants will be required to show cause why the expenses incurred in making service should not be imposed on them.

Also in their motion, Defendants assert that they have defenses to Plaintiff's claims. Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). In order to move this case along to disposition, the Court finds it appropriate to utilize the *Martinez* Report procedures.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. The Clerk is directed to correct the names of Defendants on the docket to Captain Eddie Hogan and Captain Matt Candelaria;

2. Defendants' motion to set aside entry of default (Doc. 86) is GRANTED, and the Clerk's entry of default (Doc. 76) is SET ASIDE;

3. Plaintiff's motion for judgment by default (Doc. 72) is DENIED;

4. Within fourteen (14) days from entry of this Order, Defendants must file a separate response to this Order showing cause, if any, why the expenses incurred in making service should not be imposed on them;

5. Within the same fourteen (14) days, Defendants must answer the complaint;

6. No later than Friday, November 2, 2012, Defendants must file a comprehensive *Martinez* Report that addresses all of Plaintiff's remaining claims <u>and</u> any of their affirmative defenses:

> a. Defendants' *Martinez* Report should include, but is not limited to: whether documents or other records pertaining to the events exist; and whether prison policies or regulations address the situation;
>
> b. If documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report. Based on prior experience, the Court feels constrained to request that the attachments be arranged in a logical order. Simply copying jumbled prison records will not suffice. The Court also requests that the attachments be Bates-stamped or otherwise be clearly serially marked;
>
> c. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;
>
> d. The submission of documents alone shall not be considered in compliance with this Order. Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;
>
> e. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with

the *Martinez* Report and provide that version to Plaintiff. Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments. If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below. The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling;

7. Plaintiff may file and serve a response to the *Martinez* Report no later than Friday, December 7, 2012; and Defendants may file and serve a reply, if any, no later than Friday, December 21, 2012;

8. The Court will give the parties ample time to complete briefing, but given the age of the case, wishes to take the case under submission by the end of the year. As such, no extensions will be permitted absent a showing of extraordinary good cause.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE